UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DARRIN PODESCHI | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| FIRST UNITED BANK, GREG MASSEY and MARK DAWSON | § § § | |
| | § | |
| Defendants | § | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Darrin Podeschi ("Podeschi"), for his Complaint against Defendants First United Bank ("FUB"), Greg Massey ("Massey") and Mark Dawson ("Dawson"), would show as follows:

### Parties

1. Plaintiff is an individual.

2. FUB is a corporation and may be served through any officer or managing agent of FUB at its office at 1700 Redbud Boulevard, McKinney, Texas 75069, or through the Secretary of State of Texas upon Massey, the president of FUB, or any vice-president of FUB, at its home office at 1400 West Main Street, Durant, Oklahoma 74701.

3. Massey is an individual and may be served through the Secretary of State of Texas at FUB's home office at PO Box 130, Durant, Oklahoma 74702-0130 or 1400 West Main Street, Durant, Oklahoma 74701. Massey is chairman of the board and president of FUB.

4. Dawson is an individual and may be served personally at 5932 Royal Palace Drive, Plano, Texas 75093 or 2805 Dallas Parkway, Suite 525, Plano, Texas 75093. Dawson is chief executive officer of First United Mortgage ("FUM"), a division of FUB.

### Jurisdiction

5.     This Court has jurisdiction over this suit under 28 U.S.C. § 1331 based on Plaintiff's claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964 against FUB, and pendent jurisdiction of Plaintiff's Texas Labor Code claims and Texas common law defamation claims.

### Venue

6.     Venue is proper under 28 U.S.C. § 1391 because all or substantially all of the events giving rise to Plaintiff's claims occurred in this District.

### Facts

7.     In February 2020, Plaintiff became employed as chief people officer of FUB. Prior to Plaintiff becoming so employed, FUB solicited his employment based on false representations concerning FUB's history of treating employees as not involving a pattern of discrimination and harassment. Plaintiff was made aware of FUB's true history only after becoming employed by FUB after the events referred to in paragraphs 10 and 11 occurred.

8.     Plaintiff became chief strategy officer of FUB in late 2020 or early 2021.

9.     Between February 2020 and July 2021, Plaintiff was reviewed favorably for his performance as chief people and strategy officer, formally and informally, and was the recipient of a 100% performance bonus in July 2021.

10.    In August 2021, Plaintiff was subjected to retaliation in the form of adverse treatment by Massey as the chairman and chief executive officer of FUB, individually and on behalf of FUB, after Plaintiff engaged in protected conduct in the nature of opposition to unlawful discrimination and retaliation by FUB. The protected conduct consisted of his expressing concerns to Massey and others, including Tom Johnson, a member of FUB's board of

directors ("Johnson"), about unlawful discrimination by FUB, including admitted multi-year repeated instances of sexual harassment by male executives of FUB, in most or all cases leading to imposition of a hostile work environment, against female employees of Defendant, including but not limited to Judy Leverage, Selena Oliver, Yolanda Keti, Christina Wong, and Melissa Perrin ("Perrin"), expressing concerns to Massey and other human resources representatives of FUB about Dawson's sexual harassment and retaliation against another female employee of FUB, Melissa Harrington ("Harrington"), including demotion of Harrington, expressing concerns to Massey and other human resources representatives of FUB about sexual relationships between multiple male executives and female employees and a female board member of Defendant and a male executive, and expressing concerns about treatment of minority employees by Defendant, including minorities on the basis of sexual orientation. Plaintiff also expressed concerns to Massey about retaliation by Massey and Dawson against Plaintiff himself on account of his opposition to unlawful conduct.

11. The adverse treatment by Massey individually and on behalf of FUB constituting retaliation against Plaintiff on account of his opposition to unlawful discrimination and retaliation consisted of the following:

   a. Beginning in April 2021, Massey criticized Plaintiff in the presence of other employees, including Dawson, George Clark, chief financial officer of FUB, Tim Schneider, chief operating officer of FUB, Perrin and Saquib Kheiri, chief risk officer of FUB, Wes Shelton, regional market president, and Dan Boren, regional market president of FUB, for advocating for improvements in the treatment of minority employees, including minorities on the basis of sexual orientation, by multiple attempts to advance diversity and inclusion efforts.

  b. Beginning in April 2021, Massey precluded Plaintiff from initiating an investigation about misconduct by executives, especially in its mortgage division.

  c. Beginning in August 2021, Massey verbally dismissed Plaintiff's concerns and those of a female subordinate human resources director, Toni Preston ("Preston"), and Perrin, FUB's chief culture and marketing officer, in meetings with one or more of them about discriminatory and retaliatory conduct of Dawson. Perrin specifically repeatedly expressed concerns regarding male executives creating an unsafe hostile work environment.

  d. Beginning in August 2021, Dawson ceased any written and verbal communications with Plaintiff which had been necessary and common before, and continued to be necessary given Dawson's position with FUB.

  e. Beginning in August 2021, Massey verbally, in the presence of Plaintiff and Preston, in a meeting with them, dismissed Plaintiff's recommendations and a clear directive from FUB's board of directors that Dawson not be given an opportunity to remain employed by FUB or be removed from management based on repeated admitted instances of misconduct, and other recommendations calculated to free FUB from a pervasive culture of sexual harassment among its male executives, involving multiple instances of male executives having romantic or sexual relation with female employees and frequently using vulgar sexual language creating a hostile work environment. Perrin specifically repeatedly raised concerns regarding male executives creating an unsafe hostile work environment for female employees.

  f. Beginning in August 2021, Plaintiff was excluded by Massey or at his behest from meetings related to matters assigned to Plaintiff, including meetings relating

to retaliation against witnesses against Dawson, negligent investigation of Dawson by Massey and meetings relating to appropriate handling of the employment of Dawson, including being excluded from investigation and decision meetings in which Preston participated and made a recommendation of a more thorough investigation of Dawson denied by Massey, and meetings relating to FUB strategy planning.

  g. On Wednesday, September 8, 2021, Massey made a false statement in writing to Plaintiff that Plaintiff had not appropriately performed all of his responsibilities and that he needed to assume some such responsibilities.

  h. On Wednesday, September 8, 2021, Massey made a threat against Plaintiff continuing to hold Plaintiff's job.

  i. In August 2021, Massey replaced Plaintiff with Dawson as lead on strategy planning for FUB, including critical projects Plaintiff had recommended and commenced for FUB.

12. By letter from FUB's counsel dated September 29, 2021, Plaintiff was terminated by Defendant at the instance of Massey after communicating through counsel, by letter dated September 21, 2021, his readiness to file a charge of discrimination concerning FUB's retaliatory adverse treatment of Plaintiff at the instance of Massey.

13. The reasons given for Plaintiff's termination, in the letter from FUB's counsel dated September 29, 2021, were not legitimate non-retaliatory reasons for his termination, or were false and pretextual.

14. Plaintiff has suffered and is suffering damages as a result of the conduct of Defendants, including mental anguish, inconvenience, loss of enjoyment of life, emotional

distress and other non-pecuniary damages, loss of compensation and benefits in the past and future, and loss of reputation.

15. Defendants acted with malice or gross negligence against Plaintiff, and in a manner constituting a reckless violation of the rights of Plaintiff under Title VII of the Civil Rights Act of 1964 and the Texas Labor Code to be free of retaliation, warranting punitive damages.

16. Before and after Plaintiff's termination by FUB, Massey and Dawson, individually and on behalf of FUB, made or repeated false defamatory statements concerning Plaintiff to employees of FUB reckless of the truth or falsity of the statements and so not privileged.

Claims

17. For first cause of action, Plaintiff would show that FUB retaliated against him in violation of Title VII of the Civil Rights Act of 1964. Plaintiff is accordingly entitled to recover from FUB his actual damages, punitive damages, attorney's fees, prejudgment and costs of court.

18. For second cause of action, Plaintiff would show that FUB retaliated against him in violation of Section 21.055 of the Texas Labor Code. Plaintiff is accordingly entitled to recover from FUB his actual damages, punitive damages, attorney's fees, prejudgment interest and costs of court.

19. For third cause of action, Plaintiff would show that Massey violated Sections 21.056 (prohibiting inciting or coercing a discriminatory practice) and 21.058 (prohibiting preventing a person from complying with Chapter 21 of the Texas Labor Code) of the Texas Labor Code. Plaintiff is accordingly entitled to recover from Massey his actual damages, punitive damages, attorney's fees, prejudgment interest and costs of court.

20.     For fourth cause of action, Plaintiff would show that Massey violated Chapter 21 of the Texas Labor Code, as amended September 1, 2021, as a person acting "directly in the interests of an employer in relation to an employee" based on the definition of unlawful employment practice within the Texas Labor Code to include a situation in which sexual harassment occurs and the employer or its agents or supervisors knew or should have known that the conduct constituting sexual harassment was occurring and failed to take immediate and appropriate corrective action. Plaintiff is accordingly entitled to recover from Massey his actual damages, punitive damages, attorney's fees, prejudgment interest and costs of court.

21.     For fifth cause of action, Plaintiff would show that Massey and Dawson, individually, and FUB, since Massey and Dawson were at all relevant times vice-principals of FUB, defamed Plaintiff verbally, slandering him, or in writing, libeling him, or both, by publishing false defamatory statements concerning Plaintiff to employees of FUB without a need to know, or to third parties not employed by FUB. Plaintiff is accordingly entitled to recover from Massey his and Dawson his actual damages, punitive damages, prejudgment interest and costs of court.

23.     Plaintiff demands a jury.

WHEREFORE, Plaintiff prays for all relief to which he is entitled.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3141 Hood Street, Suite 500
Dallas, Texas 75219
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL TO PLAINTIFF